# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

ZAIRE THYBEN,

      Plaintiff,

      v.                                 Case No.: 2:26-cv-1147

MEQUON-THIENSVILLE SCHOOL DISTRICT;
DR. LAUREN CROIX;
ANDREW SARNOW;
DR. MATTHEW JOYNT.

      Defendants.

## COMPLAINT

Plaintiff, Zaire Thyben, through his undersigned attorneys brings the following Complaint against Defendants, Mequon-Thiensville School District, Dr. Lauren Croix, Andrew Sarnow, and Dr. Matthew Joynt:

### NATURE OF CASE

1. Plaintiff, Zaire Thyben alleges that his former employer, Mequon-Thiensville School District, and its administrators, Dr. Lauren Croix, Andrew Sarnow, and Dr. Matthew Joynt, violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, et. seq.] by interfering with his right to take FMLA leave and terminating his employment because he exercised his FMLA rights.

### JURISDICTION AND VENUE

2. Jurisdiction over Zaire Thyben's claims under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601-2654] is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3. The proper federal venue for this action pursuant to 28 U.S.C. § 1391 is the Eastern District of Wisconsin where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. P. have been performed or have otherwise occurred.

## JURY DEMAND

5. Zaire Thyben demands that his case be tried to a jury of his peers.

## PARTIES

6. Plaintiff Zaire Thyben ("Thyben") is an adult citizen of Wisconsin, domiciled at 6808 Auburn Ave., Wauwatosa, WI 53213.

7. Defendant ("the District") is a "school district" as that term is used in Chapters 115 through 121 of the Wisconsin Statutes. The District has continuously had and does now have at least fifty (50) employees in the current or preceding calendar year. The District has administrative offices located at 5000 W. Mequon Rd., Mequon, WI 53092.

8. Defendant Dr. Lauren Croix ("Croix") is an adult domiciled in the State of Wisconsin and at relevant times was an "employer" under 29 U.S.C. § 2611(4)(A), exercised operational control, had authority over leave administration, had authority to hire/fire employees, had control over payroll and personnel, had supervisory authority over Thyben, and was responsible in whole or part for the violation of Thyben's FMLA rights.

9. Defendant Andrew Sarnow ("Sarnow") is an adult domiciled in the State of Wisconsin and at relevant times was an "employer" under 29 U.S.C. § 2611(4)(A), exercised

2

operational control, had authority over leave administration, had authority to hire/fire employees, had control over payroll and personnel, had supervisory authority over Thyben, and was responsible in whole or part for the violation of Thyben's FMLA rights.

10. Defendant Dr. Matthew Joynt ("Joynt") is an adult domiciled in the State of Wisconsin and at relevant times was an "employer" under 29 U.S.C. § 2611(4)(A), exercised operational control, had authority over leave administration, had authority to hire/fire employees, had control over payroll and personnel, had supervisory authority over Thyben, and was responsible in whole or part for the violation of Thyben's FMLA rights.

**OPERATIVE FACTS**

11. Thyben commenced employment with the District on or around January 8, 1996 and most recently held the position of Network Engineer.

12. Thyben worked more than 1,250 hours during his last twelve months of employment with the District.

13. Thyben's last performance review in 2021 rated him as "Proficient" or "Distinguished" in every category.

14. During 2025 Andrew Sarnow ("Sarnow") became Thyben's supervisor.

15. On September 29, 2025, Sarnow placed Thyben on a six-month performance improvement plan ("PIP"). After Thyben objected, the PIP was revised and became effective on October 22, 2025.

16. The PIP identified deficiencies that predated Thyben's responsibility, or were the responsibility of other departments, or other staff members.

3

17. The PIP required Thyben to take responsibility for duties that were included in another employee's job description.

18. During October 2025, Thyben's serious health condition was certified by Dr. John Yang, his primary physician.

19. As of October 2025, Thyben was employed by the District for more than 12 months.

20. During October 2025, the District approved Thyben for intermittent FMLA leave.

21. In or around November 2025, Thyben discussed his serious health condition with the District's HR representative, Amanda Sievers.

22. Thyben's serious health condition is chronic, causes him episodic incapacity, requires continuing treatment, and his leave from work on an intermittent basis is a medical necessity.

23. On January 16, 2026, Dr. Yang provided the District with a record of Thyben's serious health condition.

24. On February 2, 2026, Thyben asked Sarnow to extend the final date of his PIP the same number of days he was off from work on FMLA leave. Thyben needed the extension because his FMLA leave prevented him from completing the PIP at the pace demanded by Defendants.

25. On February 3, 2026, Defendants refused to extend the final date of his PIP.

26. On April 6, 2026, Defendants suspended Thyben's employment, falsely claiming that he had failed the PIP.

4

27. On April 28, 2026, Defendants terminated Thyben's employment because he exercised his FMLA rights.

28. Defendants took materially adverse actions against Thyben by refusing to extend his PIP and terminating his employment on April 28, 2026, because Thyben exercised his protected rights under the FMLA.

29. Thyben's protected conduct was a substantial or motivating factor in the Defendants' decision to deny Thyben a PIP extension and termination of his employment.

30. At the time of his termination Thyben had FMLA leave available.

**FIRST COUNT**
**FMLA INTERFERENCE § 2615(A)(1)**

31. As and for a first Count, Thyben re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

32. Defendants deprived Thyben of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the FMLA's protections, the District was covered by the FMLA, Thyben was entitled to leave under the FMLA, he provided sufficient notice of his intent to take FMLA leave, and Defendants denied his FMLA benefits to which he was entitled.

33. Defendants discriminated against Thyben by counting his protected absences against him, evaluating him while he was on protected leave, denying equivalent work opportunity, refusing the reasonable accommodation of leave usage, and interfering with Thyben's statutory entitlements.

34. The allegations more particularly described above regarding the intentional discriminatory practices of Defendants were not made with good faith or reasonable grounds for

5

believing that the conduct did not violate the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

35. The allegations more particularly described above caused Thyben wage loss, benefits loss, and expenses, all to his damage.

**SECOND COUNT**
**FMLA RETALIATION § 2615(a)(2)**

36. As and for a second Count, Thyben re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

37. Defendants violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse actions of disciplining Thyben, refusing to extend his PIP, suspending and terminating Thyben's employment because of his FMLA-protected activity.

38. The allegations more particularly described above regarding the intentional discriminatory practices of Defendants were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993 [29 U.S.C. § 2601, *et. seq.*].

39. The allegations more particularly described above caused Thyben wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE, Plaintiff, Zaire Thyben, demands relief as follows:

a) Damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

b) The interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

6

c)	Equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d)	A reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

e)	Reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f)	Costs of the action pursuant to 29 U.S.C. § 2617;

g)	An additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

h)	Such other relief as the court deems just and equitable.

Dated this 28th day of June, 2026.

*Electronically signed by Alan C. Olson*
Alan C. Olson, SBN: 1008953
Nicholas O. Yurk, SBN: 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com